PER CURIAM.
Counsel for Robert Starling has filed Anders[1] briefs appealing Mr. Starling’s convictions and sentences for two lewd and lascivious acts on a child under 16. We affirm.
During our review of the record, we determined that there had been a previous trial on these charges that ended in a mistrial. Because our record did not include the details of that prior proceeding, we ordered Mr. Starling’s counsel to supplement the record with the transcript from the first trial. After counsel received and reviewed this transcript, he filed a supplemental Anders brief. He concluded that the grant of a mistrial in the first proceeding was not an abuse of discretion, and that the subsequent trial did not violate principles of double jeopardy.
We have conducted a thorough, independent review of the entire record. In the initial proceeding, Mr. Starling’s trial counsel made numerous improper arguments in closing. When the jury retired, the trial judge strongly rebuked trial counsel for his behavior during the trial. It appears that these reprimands were appropriate under the circumstances. Sometime thereafter, the jury indicated by note that they were, deadlocked. Apparently concerned that defense counsel’s inappropriate argument had tainted the fairness of the proceedings, the trial judge refused to give an Allen[2] instruction and declared a mistrial. This decision was not an abuse of discretion, and the new-trial that resulted did not violate principles of double jeopardy. See Arizona v. Washington, 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978); Cohens v. Elwell, 600. So.2d 1224 (Fla. 1st DCA 1992).
Affirmed.
ALTENBERND, A.C.J., and GREEN and CASANUEVA, JJ., Concur.

. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. See Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).